BURCHFIELD *v.* UNITED STATES FIDELITY & GUARANTY CO.

No. 41422          March 14, 1960          118 So. 2d 767

*Smith, O'Hara & Smith,* Cleveland, for appellant.

*Watkins & Eager,* Jackson, for appellee.

HALL, J.

This suit was brought by A. E. Burchfield, doing business as Burchfield Grocery, against the United States Fidelity and Guaranty Company for recovery on a fire insurance policy for $1,000 on his merchandise and stock of goods situated in a one-story, frame, metal roofed building occupied as a grocery store situated about six miles west from Duncan on the south side of the Duncan-Round Lake Road in Bolivar County, Mississippi.

This policy contained the usual Iron Safe Clause which is as follows:

"1. The insured will take a complete itemized inventory of stock on hand at least once in each calendar year and, unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the insured the unearned premium from such date shall be returned.

"2. The insured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory, as provided for in first section of this clause, and during the continuance of this policy.

"3. The insured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fireproof safe at night, and

at all times when the building mentioned in this policy is not actually open for business; or, failing in this, the insured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building.

"In the event of failure to produce such set of books and inventories for the inspection of this Company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon."

The appellee pleaded the Iron Safe Clause and pleaded that it had been violated, and that a violation thereof forfeited all rights under the policy. At the trial the lower court granted a peremptory instruction in favor of the appellee from which Mr. Burchfield appeals.

██ █ It appears from the record that the store in question was burned on May 3, 1958 between 11:30 A. M. and 12:30 P. M., at a time when Mr. Burchfield was gone to sell fish and Mrs. Burchfield was in their home preparing dinner. The home is situated near the store but she was not in the store nor was anyone else. It is undisputed that at the time of the fire the books and records of the appellant were not in an iron safe, but were in the store and exposed to any fire which might destroy the store. The inventory burned up and in fact all records pertaining to the business were destroyed in the fire. The home where Mrs. Burchfield was preparing dinner was situated about one hundred feet from the store. The front door of the store was locked or at least fastened so that entrance by the front was blocked. The back door to the store was not locked but was latched and Mrs. Burchfield was unable to enter the store except by the back door. Any customer who came would be required to sound his horn at the front or go around to the back and make a noise sufficient to attract the attention of Mrs. Burchfield. At the time of the fire Mrs. Burchfield was apprised of it by a passerby who happened to see it. In the case of Penix v. American Central Insurance

Company, 106 Miss. 145, 63 So. 346, this Court said: "The preservation of the book kept by Lyell was therefore necessary in order that this clause of the policy might be complied with, conceding, for the purpose of the argument, that the book introduced complied therewith in all other respects. If the keeping of this ledger alone in the manner in which it was kept should be held to constitute a compliance with the iron-safe clause, it would logically follow that the clause could be complied with by a merchandise account containing only two entries—one a debit of the gross amount of merchandise put into the store, and the other a credit of the gross amount taken out of it.

" * * *. Lyell not only closed and locked the store, but deliberately left the immediate vicinity thereof, and was so situated for the time being that it was impossible for him to preserve the books when the store burned; and, moreover, neither he nor Borah had in the past, so far as this memorandum book is concerned, complied with the third paragraph of this clause; and there is no indication in the evidence that they had any intention of doing so at the time of the fire or thereafter. It had never been kept, when the store was closed, 'in a place not exposed to a fire which would destroy the . . . building, but had always been placed at night when the store was closed, not in a fireproof safe, but under Lyell—a place, of course, exposed to a fire which would destroy the building; that Lyell was nearby, and might have been able to save the book in the event of a fire, is immaterial, but that is not the protection intended to be secured to the insurance company by the clause in question."

In 29A Am Jur., Insurance, Section 950 at page 144, in discussing the iron safe clause it is said: "But where the store is closed, although merely temporarily, as for lunch, the provision must be complied with." In support of this statement there is cited the leading case of Joffe, et al v. Niagara Fire Insurance Company of New

York, 116 Md. 155, 81 A. 281, 51 L. R. A. (NS) 1047, Ann. Cas. 1913C 1217.

In 29A Am. Jur., Insurance, Section 941 at page 137, it is said: "The destruction or theft of books and papers required by a policy of insurance to be kept or produced will excuse a noncompliance with requirement if due to no fault or design of the insured. If, however, the destruction of such papers is due to the negligent failure of the insured to preserve them as required by the policy, his failure to produce them in accordance with the requirement of the policy will preclude any recovery thereon." In the footnote to this statement there is again cited the said case of Joffe v. Niagara Fire Insurance Company, supra. "Furthermore, if no such books and inventories are kept as are required by a fire insurance policy, the loss of those which were kept will not excuse the failure of the insured to meet the requirement."

We are of the opinion that the trial court was correct in granting a peremptory instruction for the appellee and that for this reason the judgment of the lower court should be and it is hereby affirmed.

Affirmed.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.